UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AARON URBANSKI, § § § *Plaintiff,* § § v. § § ROBERT BLUNCK, et al., § § *Defendants.* § | Civil Action No. 3:22-CV-1483-X |

### MEMORANDUM OPINION AND ORDER

Aaron Urbanski thinks it's sinful to teach children about Santa Claus. So he decided to disseminate his belief—by way of bullhorn—outside a local church. When Urbanski declined to conclude his cacophony, Officer Robert Blunck arrested him. Urbanski sued Blunck, the City of Cleburne Police Department, and the City of Cleburne (collectively, "Defendants"). Defendants now move to dismiss his claims. [Docs. 16, 17]. For the reasons below, the Court **GRANTS** those motions and **DISMISSES WITH PREJUDICE** Urbanski's complaint.

### I. Factual Background

Urbanski refers to himself as a born-again Christian who believes in the "fundamental [tenets] of the Christian faith."[1] And it's wrong, Urbanski contends, for Christians to "promot[e] acts in the name of a certain false idol, to wit: Santa

---

[1] Doc. 1 at 4–5. The Court recites these facts as alleged in Urbanski's complaint.

1

Claus[]."[2]  Further, Urbanski believes he has a "duty to [] ensure others are not led astray."[3]

So, on December 8, 2018, Urbanski found himself a sidewalk outside a Methodist church, where he raised a megaphone to "publicly voice[] his grievances."[4] Responding to a noise complaint, Officer Blunck arrived on the scene and informed Urbanski of the noise complaint.  Urbanski, undeterred, "sought to go back to . . . protesting."[5]  So Blunck arrested Urbanski.

Over three years later, Urbanski sued Blunck, the City of Cleburne Police Department, and the City of Cleburne, alleging violations of the First, Fourth, and Fourteenth Amendments.  In September 2022, the defendants all moved to dismiss via two separate motions.  But Urbanski has proved less loquacious in his briefing than with his bullhorn—he's ignored both motions.

## II. Legal Standard

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6), invoking the statute of limitations.[6]  Under Rule 12(b)(6), the Court evaluates the pleadings by "accepting all well-pleaded facts as true and viewing those facts in the

---

[2] *Id.* at 4.

[3] *Id.* at 5.

[4] *Id.* at 4.

[5] *Id.* at 6.

[6] *See Watts v. Graves*, 720 F.2d 1416, 1423 (5th Cir. 1983) (per curiam) ("The statute of limitations may serve as a proper ground for dismissal under Federal Rule of Civil Procedure 12(b)(6)[.]").

light most favorable to the plaintiff."[7] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[8] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]

"The Federal Rules of Civil Procedure . . . do not, by their own terms, require a party to file a response in opposition to a motion to dismiss."[10] Accordingly, instead of "automatic[ally] grant[ing]" an unopposed motion to dismiss, courts must "consider the merits of the [] complaint."[11]

### III. Analysis

Urbanski brings "an action for damages pursuant to 42 U.S.C. § 1983 based on . . . violations of, *inter alia*, the Fourth, Fifth, and Fourteenth Amendments."[12] "[A] section 1983 action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of the action."[13] And "[Section] 1983 actions are . . . subject to state statutes of limitations for general personal injury actions."[14]

---

[7] *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

[9] *Id.*

[10] *Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012).

[11] *Id.* at 452 & n.4.

[12] Doc. 1 at 3.

[13] *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999) (cleaned up).

[14] *Walker v. Epps*, 550 F.3d 407, 411 (5th Cir. 2008).

"In Texas, that period is two years."[15]  So Urbanski needed to sue within two years of becoming aware of the injury at issue.

Here, Urbanski became aware of the injury at issue when he was arrested—on December 8, 2018.  And he'd have a tough time contesting that: By November 2019, Urbanski's counsel had already begun arguing in state court that the statute of arrest violated "the First and Fourteenth Amendments."[16]  Thus, Urbanski has known about his alleged injury for years.  So he should have filed suit by December 8, 2020.  Yet, he waited until July 7, 2022 to file suit.  The statute of limitations has long run.

And the Court perceives no basis for tolling that statute of limitations.  It's true that a party may be "prevented from exercising his legal remedy by the pendency of legal proceedings" and that "the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right."[17]  And it's true that criminal proceedings against Urbanski continued until 2021.  But Texas courts haven't found any such impediment to suit based on "the pendency of [a] criminal appeal and writs."[18]  Thus, state criminal proceedings do not "prevent[]

---

[15] *Charleston v. Boone*, 156 F. App'x 672, 672 (5th Cir. 2005) (per curiam).

[16] Doc. 16-4 at 2.  "[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."  *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).  Accordingly, the Court takes judicial notice of the state court opinion at issue.

[17] *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992).

[18] *Carpenter v. Mau*, No. 03-13-00075-CV, 2015 WL 1967819, at *2 (Tex. App.—Austin Apr. 28, 2015, no pet.).

4

[a criminal defendant] at any time from pursuing his § 1983 cause of action."[19]

Accordingly, the Court finds no basis to toll the statute of limitations.[20]

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss [Docs. 16, 17] and **DISMISSES WITH PREJUDICE** Urbanski's complaint.

**IT IS SO ORDERED** this 5th day of April, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[19] *White v. Cole*, 880 S.W.2d 292, 295 (Tex. App.—Beaumont 1994, writ denied).

[20] Because Urbanski's complaint fails on the statute-of-limitations issue, the Court doesn't consider the other issues raised in Defendants' motions.